# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NAREND CHAND,

    Plaintiff,

    v.        No. 1:15-cv-00967-WJ-KRS

CORIZON MEDICAL; DR. MARK WALDEN;
and GEO GROUP, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR ORDER
## TO LIFT STAY OF PROCEEEDINGS
## and
## ORDERING PARTIES TO MEDIATION

THIS MATTER comes before the Court upon Plaintiff's Motion for Order to Lift Stay of Proceedings, filed May 31, 2018 **(Doc. 47)**. Having reviewed the parties' briefs and applicable law, I find that Plaintiff's motion is not well-taken and will be denied.

## BACKGROUND

This case arises out of allegations of sexual misconduct and assault of inmates by Defendant Walden during the time he provided medical care at the Guadalupe County Correctional Facility in Santa Fe, New Mexico ("Correctional Facility"). Plaintiff was an inmate at the Correctional Facility during the time period when the conduct at issue occurred. Plaintiff filed the complaint in the Fourth Judicial District Court, State of New Mexico, County of Guadalupe on October 19, 2015. Defendants removed the case to federal court on October 27, 2015 based on this Plaintiff's assertion of federal civil rights claims.

The complaint (Doc. 1-1) alleges that Defendant Walden abused his position at the Correctional Facility to sexually abuse at least 25 inmates who were housed there. Plaintiff alleges that Dr. Walden performed ungloved genital examination and rectal examinations without a nurse present and that these examinations were allegedly inappropriate both in methodology and in length. As a result of these repeated procedures, Plaintiff has permanent injuries in his rectal area from the sexual abuse and continues to have pain, sores and loose skin in his rectal area. Compl., ¶¶55-62.

The Court takes judicial notice of at least seventeen other cases in this District alleging sexual abuse of inmates by Defendant Walden. *See D.S. et al. v. The GEO Group et al.,* 15CV00774 RB-KBM, Doc. 59 at 5, n.2 (Mar. 2, 2017) (listing cases).[1]

The Court entered a stay in this case on February 11, 2016, anticipating criminal charges being filed against Dr. Walden by the Department of Justice ("DOJ"). Doc. 11. According to quarterly status reports filed with the Court, the DOJ investigation is still ongoing and active. *See, e.g.,* Doc. 42.

Plaintiff seeks to lift the stay because there is no indication when or if Defendant Walden will be prosecuted and because the applicable statute of limitations would be five years for most of the charges and much longer for others. Plaintiff is also concerned because as time goes by, witness recollection will become stale and ultimately prejudice his case against Defendant Walden. Defendant opposes a lifting of the stay, arguing that his constitutional rights are no less important than those of Plaintiff and that continuing the stay would ensure protection of Dr. Walden's constitutional rights.

## DISCUSSION

---

[1] As of March 2017, eight of those cases were pending and were stayed by consent of the parties or because of issues relating to Dr. Walden's bankruptcy, they are at their inception. *See D.S. et al.,* 15 CV00774 RB-KBM, Doc. 59 at 5.

A court has broad discretion to grant or deny a motion to stay proceedings premised upon a party's assertion of the Fifth Amendment privilege. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080–81 (10th Cir. 2009).

## I. Relevant Factors

Defendant relies on his constitutional rights to argue that the stay must continue, but the Constitution "does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer,* 563 F.3d at 1080 (cited cases omitted). Instead:

> [w]hen deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id* at 326.

*Creative Consumer,* 563 F.3d at 1080. In determining whether to issue or continue a stay, courts consider the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> (2) the status of the case, including whether the defendant has been indicted;
> (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay;
> (4) the private interests of and burden on the defendant;
> (5) the interests of the courts; and
> (6) the public interest.

*C.G. et al. v. Walden et al.*, CIV 15-0250 MCA/WPL, Doc. 63 at 3 (D.N.M. June 10, 2016) (quoting Hilda M. v. Brown, CIV 10-2495 PAB/KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010)) (internal alterations omitted). The Court next considers these factors.

A.   Overlap of Issues

This civil case arises from the same conduct with which Defendant Walden can be criminally charged. Thus, there is overlap of the criminal case into the civil case and this factor weighs in Defendant's favor and supports continuing the stay.

B.   Status of Case

A stay was entered in this case two and a half years ago and there does not appear to be any significant movement in the criminal case. The DOJ investigation is pending, with no indication that it is close to ending. *See C.G. et al. v. Walden et al.*, CIV 15-0250 MCA/WPL, Doc. 63 at 3 (D.N.M. June 10, 2016) ("it is worth noting that 'pre-indictment requests of a stay of civil proceedings are generally denied'") (quoting *Hilda M.*, 2010 WL 5313755 at *4). This factor weighs in favor of lifting the stay.

C.   Plaintiff's Interests in Proceeding

Plaintiff filed this lawsuit in October 2015, based on conduct that allegedly occurred between 2010 and 2012, *see* Compl., ¶63. A considerable period of time has passed with no end in sight regarding completion of the DOJ investigation. Plaintiff is reasonable to be concerned that the passage of time can fade witness recollection of events and increase the possibility that relevant documents may be lost or misplaced—all of this potentially having a negative impact on Plaintiff's ability to prepare his case for trial. This factor weighs in favor of lifting the stay.

D.   Private Interests/Burden on Defendant

Defendant urges the Court to leave the stay in place until the criminal investigation is completed in order to avoid being forced to choose between waiving his Fifth Amendment rights or effectively forfeiting the civil case. Defendant believes that Plaintiff seeks a lift on the stay in order to use Dr. Walden's assertion of his right to keep silent as a "hammer to drive settlement"

of Plaintiff's claims without having to rely on the merits of those claims. Doc. 48 at 6. *See Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *2 (D. Colo. Dec. 20, 2010) ("ultimate question . . . is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings").

The situation can indeed pose a quandary for any defendant. Where a defendant may invoke his Fifth Amendment right, that action has consequences . *See Malloy v. Hogan*, 378 U.S. 1, 8, 12 L. Ed. 2d 653, 84 S. Ct. 1489 (1964) (Fifth Amendment guarantees "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence"); *Spevack v. Klein*, 385 U.S. 511, 515 ("The concept of penalty includes the imposition of any sanction which makes assertion of the Fifth Amendment privilege costly"). This factor favors continuing the stay, as Defendant requests.

E. <u>Interests of Courts</u>

Courts have a "strong interest in keeping litigation moving without unnecessary delay." Hilda M., 2010 WL 5313755, at *6 (quoted authority omitted); *see also D.S. et al.,*15CV00774 RB-KBM, Doc. 59 at 5. This interest weighs in favor of lifting the stay, at least in some aspect.

F. <u>Public Interest</u>

This factor calls for a balancing between the public's interest in an expedient resolution of civil cases, and avoiding needless expenditure of resources that could be avoided through a temporary stay on proceedings. *See, e.g., Urrutia v. Montoya*, CIV 16-0025 MCA/SCY, Doc. 47 at 7 (D.N.M. June 29, 2016) (considering effect of a defendant's decision to invoke his right to remain silent at trial in civil case where temporary stay on discovery had not been imposed).

5

As time passes, the stay imposed in this case seems to become less of a *temporary* measure to conserve resources, affecting the public's interest in expedient resolution of cases. This factor militates in favor of lifting the stay.

## II.  Stay Will Continue Pending Parties' Attempts to Negotiate Resolution

Based on the discussion of factors above, the Court finds that there may be some basis for allowing limited discovery against Dr. Walden because some of the factors weigh in favor of lifting the stay.[2]  At the same time, the clear overlap of the criminal and civil case weighs heavily against lifting the stay and the Court will not do so at this time.

However, the imposition of a stay does not preclude the parties from resolving the case. Defendant notes that every other case against Dr. Walden has been resolved during an imposed stay.  Doc. 48 at 7.  Defendant is also quick to point out Plaintiff's inaction in that regard:

> Plaintiff has done nothing to attempt to resolve his case during the pendency of the stay. Plaintiff has had no contact with the undersigned counsel of record since the aborted settlement facilitation more than eighteen months ago. Plaintiff has not provided a settlement demand, sought to reschedule the settlement facilitation or asked to have an informal discussion about possible resolution of the case.

Doc. 48 at 2.  Plaintiff claims he is "certainly always amenable to further negotiations to try to resolve the case" but he is not optimistic on the possibility of settlement because Defendants' last known position was that the case would not settle.  Doc. 51 at 3.

**The Court will hold both parties to their stated positions—which is that both are open to discussing a possible resolution.  Therefore, the Court DENIES Plaintiff's motion, and orders the parties to contact the chambers of United States Magistrate Judge Kevin R. Sweazea in order to discuss a proposal for negotiating a possible settlement in this case.**

---

[2] The Court notes that in *D.S. et al v. The GEO Group*, United States Magistrate Judge Karen B. Molzen lifted the stay imposed in that case as to defendants other than Dr. Walden, and continued the stay on discovery of statements or testimony by Defendant Walden "at least until the criminal statute of limitations has run."  15CV00774 RB-KBM, Doc. 59 at 6.  However, Judge Molzen did allow discovery against Dr. Walden targeted at treatment records within Dr. Walden's control or information on his education and employment history.

Plaintiff may re-file the motion only after the parties have made a good-faith attempt to resolve the case through further settlement negotiations, but the Court does not represent here that a failed yet good-faith attempt at settlement will ensure that the stay will be lifted. The Court *may* consider only very limited discovery against Dr. Walden, assuming the DOJ investigation continues. *See* n.2, infra.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Order to Lift Stay of Proceedings **(Doc. 47)** is hereby DENIED for reasons described above.

_____
CHIEF UNITED STATES DISTRICT JUDGE